**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>QUORUM HEALTH CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10766 (KBO)<br><br>Jointly Administered<br><br>**Hrg. Date: Oct. 20, 2020 at 2:00 p.m. (ET)**<br>**Obj. Deadline: Oct. 9, 2020 at 4:00 p.m. (ET)** |

**MOTION OF REORGANIZED DEBTORS FOR ENTRY
OF FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES**

Quorum Health Corporation ("Quorum") and certain of its affiliates, the reorganized debtors in the above-captioned cases (collectively, the "Debtors"), respectfully state as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. The Debtors hereby seek entry of a final decree, substantially in the form attached hereto as Exhibit A (the "Final Decree"), closing the Chapter 11 Cases (as defined herein) other than the cases of (a) Quorum Health Corporation, Case No. 20-10766 (KBO) (the "Lead Case"), and (b) the Galesburg Debtors (as defined herein). A list of the Chapter 11 Cases that the Debtors propose to close (collectively, the "Affiliate Cases") is attached hereto as Exhibit B.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The last four digits of Quorum Health Corporation's tax identification number are 5208. There are 132 Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Quorum. The location of Quorum Health Corporation's corporate headquarters and the Debtors' service address is 1573 Mallory Lane, Brentwood, Tennessee 37027.

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 350(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

4. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

**A.    The Chapter 11 Cases**

5. On April 7, 2020, (the "Petition Date"), each Debtor commenced a case (collectively, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered.

6. To date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed an official committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed.

7. The Debtors are one of the leading operators of general acute care hospitals and outpatient healthcare facilities in the United States. Through their subsidiaries and affiliates, the Debtors own or operate 22 rural hospitals and seven outpatient centers in 13 states with almost 2,000 licensed beds. Additionally, the Debtors run a consulting business that provides hospital

management advisory and healthcare consulting services to non-affiliated hospitals located throughout the country. A description of the Debtors and their business, and the facts and circumstances supporting the Chapter 11 Cases, is set forth in the *Declaration of Alfred Lumsdaine, Executive Vice President and Chief Financial Officer of Quorum Health Corporation, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 24] (the "First Day Declaration").

**B.     The Galesburg Sale**

8.      On June 12, 2020, the Court entered the *Order (I) Authorizing the Sale of Certain Equity Interests, (II) Dismissing the Chapter 11 Cases of the Galesburg Debtors, and (III) Granting Related Relief* [Docket No. 489], thereby dismissing the Chapter 11 Cases of (a) Knox Clinic Corp., Case No. 20-10798 (KBO), (b) In-Home Medical Equipment Supplies and Services, Inc., Case No. 20-10799 (KBO), and (c) Galesburg Hospital Corporation, Case No. 20-10801 (KBO) (collectively, the "Galesburg Debtors").

**C.     The Plan of Reorganization**

9.      On the Petition Date, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 21] (as subsequently amended, modified, or supplemented, the "Plan");[2] and April 8, 2020, the Debtors filed the *Disclosure Statement for the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 22] (the "Disclosure Statement"). On June 30, 2020, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 556], thereby approving the Disclosure Statement and confirming the Plan. The Plan became effective on July 7, 2020 (the "Effective Date"). *See* Docket No. 568.

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

**BASIS FOR RELIEF**

10. Article XII.M of the Plan provides that:

> The Reorganized Debtors shall, promptly after the full administration of the Chapter 11 Cases, file with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Cases; *provided* that any order of the Bankruptcy Court closing the Chapter 11 Cases shall provide that the Chapter 11 Case of Quorum Health Corporation shall remain open through the pendency of any litigation commenced by the QHC Litigation Trust or an earlier date determined by the QHC Litigation Trust, and that for purposes of sections 546 and 550 of the Bankruptcy Code, the QHC Litigation Trust may proceed in the Quorum Health Corporation case as if the other cases had not been closed; ….

Plan, Art. XII.M. As set forth below, the Debtors believe that the Affiliate Cases will be fully administered by the time of the hearing on the Motion and, accordingly, seek to close the Affiliate Cases as required under the Plan.

11. Moreover, section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Finally, Local Bankruptcy Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

12. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. The Advisory Committee Note to Bankruptcy

4

Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.    whether payouts under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).[3]

    13.    Courts in this District and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536,

---

[3]   Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

DM_US 170639876-4.110184.0013

538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs.*, 164 B.R. at 493 ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

14. Here, by the time of the hearing on this Motion, the Debtors submit that the Affiliate Cases will have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree. In particular:

   a. the Confirmation Order has become final and is non-appealable;

   b. all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date;

   c. the Debtors have assumed the business and management of the property dealt with by the Plan;

   d. all anticipated motions, contested matters, and adversary proceedings in the Affiliate Cases have been or will be resolved at or before the hearing on the Motion;

   e. all of the transactions contemplated by the Plan closed on the Effective Date; and

   f. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

15. As of the filing of this Motion, the only matters pending before the Court in the Chapter 11 Cases are the case professionals' final fee applications, which are scheduled to be considered by the Court on October 1, 2020. The Debtors do not anticipate that there will be further case activity in the Affiliate Cases, as all outstanding issues in these cases have been addressed and the Debtors do not plan to prosecute claim objections in the Chapter 11 Cases.[4] *See* Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991) ("The court should not keep [a] case open only

---

[4] As stated in the *Motion of Reorganized Debtors for Order Approving Notice Regarding Disposition of Proofs of Claim Filed in Chapter 11 Cases*, filed concurrently herewith, the Plan did not require holders of claims to file proofs of claim, except to the extent a claim arose on account of the rejection of an executory contract or unexpired lease. Moreover, the Plan provides that all allowed claims will be paid in the ordinary course of Debtors' business and will survive the Effective Date as if the Chapter 11 Cases had not been commenced. *See* Plan, Art. VII.A. Further, other than claims arising from the rejection of an executory contract or unexpired lease, if the Debtors dispute any claim, such dispute shall be determined, resolved, or adjudicated, as the case may be, in a manner as if the Chapter 11 Cases had not been commenced and shall survive the Effective Date as if the Chapter 11 Cases had not been commenced. *See id.*

6

because of the possibility that the court's jurisdiction may be invoked in the future.").[5] Moreover, the Plan provides that the QHC Litigation Trust may proceed in the Lead Case as if the Affiliate Cases had not been closed. *See* Plan, Art. XII.M. Thus, the Debtors submit that it is appropriate to close the Affiliate Cases at this time.

16. Finally, in accordance with Local Bankruptcy Rule 3022-1(c), the Debtors will file a verified final report summarizing the results of the Chapter 11 Cases, substantially in the form attached hereto as Exhibit C. The Debtors request that the requirement to file the final report prior to the hearing on this Motion be waived to the extent necessary, and that such filing occur after the entry of final orders approving the final fee applications of Chapter 11 Case professionals. The Debtors further request that they be relieved of the obligation to file U.S. Trustee post-confirmation quarterly summary reports (and pay the associated quarterly fees) for the Affiliate Cases for time periods after entry of the Final Decree.[6]

17. For the foregoing reasons, the Debtors respectfully request that the Court enter the Final Decree closing the Affiliate Cases.

**NOTICE**

18. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the QHC Litigation Trustee; (c) counsel for the Consenting Lenders; (d) counsel for the Consenting Noteholders; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the Securities and

---

[5] In recognition that certain relief later requested in the Lead Case could affect multiple Debtors, the proposed Final Decree provides that all motions, notices, and other pleadings relating to any of the Debtors shall be filed, administered, and adjudicated in the Lead Case without the need to reopen the Affiliate Cases, and that the Court will retain jurisdiction over such matters.

[6] The Debtors will continue to file post-confirmation quarterly reports and pay the associated quarterly fees for the Lead Case until the case has been closed.

Exchange Commission; (h) the United States Department of Justice; and (i) any party that has filed, after the Effective Date, a renewed request for service pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Final Decree, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: September 25, 2020<br>Wilmington, Delaware | */s/ David R. Hurst*<br>David R. Hurst (I.D. No. 3743)<br>**MCDERMOTT WILL & EMERY LLP**<br>1007 North Orange Street, 4th Floor<br>Wilmington, Delaware 19801<br>Telephone:   (302) 485-3900<br>Facsimile:    (302) 351-8711<br>Email:           dhurst@mwe.com<br><br>-and-<br><br>Felicia Gerber Perlman (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>Megan Preusker (admitted *pro hac vice*)<br>**MCDERMOTT WILL & EMERY LLP**<br>444 West Lake Street<br>Chicago, Illinois 60606-0029<br>Telephone:   (312) 372-2000<br>Facsimile:    (312) 984-7700<br>Email:           fperlman@mwe.com<br>                      bgiordano@mwe.com<br>                      mpreusker@mwe.com<br><br>*Counsel for the Reorganized Debtors* |

DM_US 170639876-4.110184.0013